UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MATTHEW MOLARO,

                    Plaintiff,

    -against-

THE CITY OF NEW YORK, CAPTAIN CARLOS
VALDEZ Individually and in his Official Capacity,
SGT WOJCIECH PERKOWSKI, Shield No. 3452,
Individually and in his Official Capacity and P.O.'s
"JON DOE" #1-10, Individually and in their Official
Capacity (the name John Doe being fictitious, as the
true names are presently unknown).

                    Defendants.
----------------------------------------------------------------X

No. _____

# CV 13 - 4184

**COMPLAINT**

**JURY TRIAL
DEMANDED**

**JOHNSON**

**ORENSTEIN, M.J.**

Plaintiff MATTHEW MOLARO ("Plaintiff" or "Mr. Molaro") by and through his

attorneys, COHEN & FITCH LLP, alleges against Defendants THE CITY OF NEW

YORK ("Defendant City of New York") and THE NEW YORK CITY POLICE

DEPARTMENT ("Defendant NYPD") and CAPTAIN CARLOS VALDEZ ("Defendant

Valdez") and SERGEANT PERKOWSKI ("Defendant Perkowski") and "JON DOE" #1-

10 ("Defendant Doe") (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1.    To recover money damages for mental anguish, pain and suffering,

monetary damages and related damages incurred by and on behalf of Mr. Molaro against

the CITY OF NEW YORK (hereinafter "NYC"), its agents, servants, employees and/or

licensees and CAPTAIN CARLOS VALDEZ and SGT. WOJCIECH PERKOWSKI,

Shield No. 3452, in their individual and their official capacities and P.O. "JON DOE" #1-



10, individually and in their official capacity for their violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.*, as amended ("ADA"); Title V, Section 503 of the Act, 42 U.S.C. § 12203 as amended ("ADA"); 29 U.S.C. § 2601 *et seq.* ("FMLA"); the New York State Human Rights Law, Executive Law § 290 *et seq.* ("Human Rights Law"); and the Administrative Code of the City of New York § 8-101 *et seq.* ("City Law").

2.    Based upon the following acts and/or omissions, Defendants knowingly violated Mr. Molaro's rights under federal and state laws, and such actions were committed intentionally and/or willfully, with knowledge that Plaintiff would be economically injured:

a)    Defendants' refusal to grant Mr. Molaro a reasonable accommodation for his disability, in violation of the ADA, Human Rights Law, and City Law; and

b)    Defendants failed to engage in the interactive process to determine a reasonable accommodation; and

c)    Defendants knowingly and/or in reckless disregard of claimant's medical condition ordered claimant out on foot post in retaliation for being out of work on sick leave; and

d)    Defendants Captain Carlos Valdez, Sgt. Perkowski and claimants other NYC/NYPD supervisors knowingly discriminated against claimant due to his medical disability, in violation of the ADA, Human Rights Law, and City Law.

3.    Damages and other legal relief are sought pursuant to the ADA, Human

2

Rights Law, and City Law.

## JURISDICTION AND VENUE

4.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

(original federal question jurisdiction).   Supplemental jurisdiction over Mr. Molaro's

Human Rights Law and City Law claims is conferred by 28 U.S.C. § 1367(a), as such

claims are so related in this action within such original jurisdiction that they form part of

the same case or controversy under Article III of the United States Constitution.

5.       Venue is proper in this District because Defendants operate in this District,

and acts and/or omissions giving rise to the claims alleged herein took place in this

district.

## PROCEDURAL REQUIREMENTS

6.       Plaintiff filed a Charge of Discrimination (Charge No. 520-2013-00309)

with the Equal Employment Opportunity Commission (EEOC) on November 13, 2012

and received a Notice of Right to Sue on or about May 2, 2013 (a copy of which is

attached hereto as "Exhibit 1.")

7.       Pursuant to §8-502 (c) of the City Law, Plaintiff served a copy of this

Complaint on the City of New York Commission on Human Rights and on the City of

New York Corporation Counsel.

## PARTIES

### *Plaintiff*

8.       Mr. Molaro is a citizen of the United States and a resident of the State of

New York.

9.       At all times relevant to this complaint, Mr. Molaro was employed by the

3

New York City Police Department ("NYPD") as a Police Officer assigned to the Housing Bureau, Police Service Area 1.

10.     Mr. Molaro was a "qualified individual with a disability" within the meaning of the ADA, protected from discrimination on the basis of disability.

11.     Mr. Molaro was at all times an "individual" within the meaning of the Human Rights Law, protected from discrimination on the basis of disability.

12.     Mr. Molaro was at all times a "person" within the meaning of the City Law, protected from discrimination on the basis of disability.

13.     Mr. Molaro was disabled within the meaning of the ADA, Human Rights Law, and City Law.

### *Defendants*

14.     Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

15.     Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

16.     At all times hereinafter mentioned, the individually named defendants Captain Carlos Valdez, Sergeant Wojciech Perkowski, and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

4

17.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

18.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

19.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

### FACTUAL ALLEGATIONS

20.     Mr. Molaro began his police service on August 30, 1993.

21.     At all times during his employment, Mr. Molaro performed his police duties adequately.

22.     On or about May 31, 2012, Mr. Molaro was on duty, assigned to a foot post when he suffered from an episode of hypertension and dyslipodemia (extreme high blood pressure) causing him to be hospitalized.

23.     The defendants declared Mr. Molaro's condition a "line of duty" injury and placed him on sick leave for approximately five weeks.

24.     At no time did the defendants advise Mr. Molaro of his FMLA rights.

25.     On or about July 3, 2012, an NYPD surgeon cleared Mr. Molaro to return to work on "limited capacity" status.

26.     When officers are placed on limited capacity status they are restricted

5

from certain physical activities that could lead to an officer reinjuring himself.

27.    On Mr. Molaro's first day back to work, July 7, 2012, the record hottest day of the year, the defendants ordered him to go back outside on a foot post.

28.    Mr. Molaro informed the defendants that he had just returned to work from an injury he sustained as a result of being assigned to a foot post.

29.    Mr. Molaro further explained that his disability and limited capacity status prohibited him from working a foot post under the current weather conditions because of the risk of exacerbating his medical condition and causing him to go into a hypertensive episode.

30.    Mr. Molaro requested a reasonable accommodation to be assigned to tasks that would permit him to stay in the precinct due to his limited capacity status.

31.    After requesting this accommodation defendants refused to engage in any interactive process to determine a reasonable accommodation for Mr. Molaro.

32.    Instead, Mr. Molaro's supervisors ordered him to a foot post where he was to remain outside during a heat wave with temperatures exceeding ninety (90) degrees.

33.    Mr. Molaro complained about the defendants' discriminatory conduct and documented the complaint in his memo book.

34.    Within an hour of being outside on foot post that day, Mr. Molaro's condition rapidly deteriorated and he called an ambulance and was rushed to the hospital with dangerously elevated blood pressure.

35.    Mr. Molaro remained hospitalized at Long Island College Hospital for several days and was placed on sick leave for approximately three (3) weeks.

36.    On July 20, 2012 Mr. Molaro returned to work when an NYPD surgeon

6

cleared him for work on limited capacity duty.

37.    On August 13, 2012 the NYPD surgeon returned Mr. Molaro to full capacity duty.

38.    On Mr. Molaro's first day of full capacity duty the defendants immediately assigned him to a foot post in extremely hot weather despite full knowledge of his disability and the prior repercussions of such assignments.

39.    Again Mr. Molaro requested a reasonable accommodation to be assigned to tasks that would permit him to stay in the precinct or be assigned to an air conditioned patrol vehicle due to his limited capacity status.

40.    After requesting this accommodation defendants refused to engage in any interactive process to determine a reasonable accommodation for Mr. Molaro.

41.    Thereafter Mr. Molaro complied with his assignment and worked a foot post for the next couple of days and his condition worsened dramatically, causing him to be hospitalized and put on sick leave from August 15, 2012 through August 25, 2012.

42.    As a result of this incident, Mr. Molaro remains on limited capacity duty to date.

43.    Defendants' actions were intentional and in reckless disregard for the health and well-being of Mr. Molaro.

44.    As a proximate result of the defendants' unlawful acts Mr. Molaro suffered injuries and damages including, but not limited to, pain and suffering, mental anguish, and compensatory damages due to the violation of Mr. Molaro's Civil Rights by the aforementioned parties.

## FIRST CAUSE OF ACTION
## (DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12111, *et seq.*)

45.    Mr. Molaro repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.    The defendants violated Mr. Molaro's rights under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §12111, *et seq.*

47.    Mr. Molaro's physical impairment as described in this Complaint constitutes a disability within the meaning of the ADA. 42 U.S.C. § 12101(2).

48.    The ADA prohibits and defines discrimination based on disability as a failure to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee] with a disability." 42 U.S.C. §§ 12112(a), 12112(b)(5).

49.    Defendants were aware of the need to accommodate Mr. Molaro's disability.

50.    Providing accommodations to Mr. Molaro would have been reasonable given that the benefits of such accommodations would clearly have exceeded the costs.

51.    Defendants unlawfully discriminated against Mr. Molaro because of his disability in the manner set forth above.

52.    The defendants' violations of Mr. Molaro's rights were willful and intentional.

53.    As a proximate result of the defendants' unlawful acts Mr. Molaro suffered injuries and damages including, but not limited to, pain and suffering, mental

8

anguish, and compensatory damages due to the violation of Mr. Molaro's Civil Rights by the aforementioned parties.

## SECOND CAUSE OF ACTION
## (REFUSAL TO REASONABLY ACCOMMODATE DISABILITY IN VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12111, *et seq.*)

54.     Mr. Molaro repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     The defendants violated Mr. Molaro's rights under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §12111, *et seq.*

56.     Mr. Molaro's physical impairment as described in this Complaint constitutes a disability within the meaning of the ADA. 42 U.S.C. § 12101(2).

57.     The ADA prohibits and defines discrimination based on disability as a failure to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee] with a disability." 42 U.S.C. §§ 12112(a), 12112(b)(5).

58.     Defendants were aware of the need to accommodate Mr. Molaro's disability.

59.     Providing accommodations to Mr. Molaro would have been reasonable given that the benefits of such accommodations would clearly have exceeded the costs.

60.     Defendants violated the ADA when they failed to reasonably accommodate Mr. Molaro's in the manner set forth above.

61.     The defendants' violations of Mr. Molaro's rights were willful and intentional.

62.    As a proximate result of the defendants' unlawful acts Mr. Molaro suffered injuries and damages including, but not limited to, pain and suffering, mental anguish, and compensatory damages due to the violation of Mr. Molaro's Civil Rights by the aforementioned parties.

## THIRD CAUSE OF ACTION
## (VIOLATION OF TITLE V, SECTION 503 OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12203)

63.    Mr. Molaro repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.    The defendants violated Mr. Molaro's rights under Title V, Section 503 of the Americans with Disabilities Act of 1990, 42 U.S.C. §12203 by retaliating against Mr. Molaro on the basis of his disability.

65.    The ADA prohibits and defines retaliation as discrimination against an individual "because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

66.    Defendants discriminated against Mr. Molaro because he engaged in protected activity as set forth above.

67.    Defendants subjected Mr. Molaro to materially adverse action at the time, or after, the protected conduct took place by giving him assignments that they knew would cause him to be hospitalized due to his disability.

68.    There was a clear causal connection between Mr. Molaro's protected activity and the defendants' retaliatory conduct reflected in the rapidity with which Mr.

10

Molaro was assigned to foot posts hazardous to his health each time he returning to work.

69.    The defendants' violations of Mr. Molaro's rights were willful and intentional.

70.    As a proximate result of the defendants' unlawful acts Mr. Molaro suffered injuries and damages including, but not limited to, mental anguish and pain suffering, and compensatory damages due to the violation of Mr. Molaro's Civil Rights by the aforementioned parties.

**FOURTH CAUSE OF ACTION**
**(INTERFERENCE WITH FMLA IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT 29 U.S.C. § 2615(a)(1))**

71.    Mr. Molaro repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.    Defendants interfered with Mr. Molaro's right to take medical leave under FMLA § 2615(a)(1)(D) by placing him on foot posts that exacerbated his medical condition.

73.    Defendants' violations of Mr. Molaro's FMLA rights were willful and intentional.

74.    As a proximate result of Defendants' unlawful acts of interference, Mr. Molaro suffered injuries and damages including, but not limited to, pain and suffering, mental anguish, and compensatory damages due to the violation of Mr. Molaro's FMLA Rights by the aforementioned parties.

11

## PENDANT STATE CLAIMS

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     On or about September 7, 2012 and within (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

77.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

78.     Defendant THE CITY OF NEW YORK has not demanded a hearing pursuant to General Municipal Law § 50-h.

79.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

80.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

81.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIFTH CAUSE OF ACTION
### (FAILURE TO PROVIDE REASONABLE ACCOMODATION IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW, EXECUTIVE LAW § 290 *et seq.*)

82.     Mr. Molaro repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if

fully set forth herein.

83.     Mr. Molaro's physical impairment as described in this Complaint constitutes a disability within the meaning of the Human Rights Law. N.Y. Exec. L. § 292(21).

84.     The Human Rights Law provides, "it shall be an unlawful discriminatory practice for an employer…to refuse to provide reasonable accommodations to the known disabilities of an employee." N.Y. Exec. L. § 296(3)(a).

85.     Defendants willfully and intentionally violated Human Rights Law by failing to accommodate Mr. Molaro's known disability.

86.     As a proximate result of the defendants' unlawful acts Mr. Molaro suffered injuries and damages including, but not limited to, pain and suffering, mental anguish, and compensatory damages due to the violation of Mr. Molaro's Civil Rights by the aforementioned parties.

<u>SIXTH CAUSE OF ACTION</u>
**(FAILURE TO PROVIDE REASONABLE ACCOMODATION IN VIOLATION OF ADIMINSTRATIVE CODE OF THE CITY OF NEW YORK § 8-101 *et seq.*)**

87.     Mr. Molaro repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Mr. Molaro's physical impairment as described in this Complaint constitutes a disability within the meaning of City Law. N.Y.C. Admin. Code § 8-102(16).

89.     Section 8-107(15)(a) of the City Law requires employers to "make [a] reasonable accommodation to enable a person with a disability to satisfy the essential

13

requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity."

90.    Defendants intentionally and willfully violated City Law Section 8-107, by failing to accommodate Mr. Molaro's disability.

91.    As a proximate result of the defendants' unlawful acts Mr. Molaro suffered injuries and damages including, but not limited to, pain and suffering, mental anguish, and compensatory damages due to the violation of Mr. Molaro's Civil Rights by the aforementioned parties.

**SEVENTH CAUSE OF ACTION**
**(RETALIATIATORY PERSONNEL ACTION IN VIOLATION OF THE**
**ADMINISTRATIVE CODE OF THE CITY OF NEW YORK § 8-107(7))**

92.    Mr. Molaro repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.    Mr. Molaro's physical impairment as described in this Complaint constitutes a disability within the meaning of City Law. N.Y.C. Admin. Code § 8-102(16).

94.    Section 8-107(7) of the City Law states that "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter"

95.    Defendants intentionally and willfully violated City Law Section 8-107 by retaliating against Mr. Molaro.

14

96.     As a proximate result of the defendants' unlawful acts Mr. Molaro suffered injuries and damages including, but not limited to, pain and suffering, mental anguish, and compensatory damages due to the violation of Mr. Molaro's Civil Rights by the aforementioned parties.

## EIGHTH CAUSE OF ACTION
### (RETALIATORY ACTION IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW, EXECUTIVE LAW § 296(3-a)(c))

97.     Mr. Molaro repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Mr. Molaro's physical impairment as described in this Complaint constitutes a disability within the meaning of Human Rights Law. N.Y. Exec. L. § 292(21).

99.     The Human Rights Law provides, "it shall be an unlawful discriminatory practice for an employer... to discharge or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article." N.Y. Exec. L. § 296(3-a)(c).

100.    Defendants intentionally and willfully violated Human Rights Law when they retaliated against Mr. Molaro because of his disability. N.Y. Exec. L. § 296.

101.    As a proximate result of Defendants' unlawful acts of retaliation, Mr. Molaro suffered injuries and damages including, but not limited to, pain and suffering, mental anguish, and compensatory damages due to the violation of Mr. Molaro's Civil Rights by the aforementioned parties.

15

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief jointly and severally against all of the defendants:

a. compensatory damages at an amount to be set a trial;

b. back pay, prejudgment interest, front pay and damages for all employment benefits he would have received but for the discriminatory and retaliatory acts and practices of Defendant;

c. punitive damages;

d. reasonable attorneys' fees, costs, and disbursements incurred in this action; and

e. any other relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
       July 16, 2013

                           Respectfully submitted,

                           **COHEN & FITCH LLP**

By: _____
                           Gerald Cohen, Esq.
                           Joshua Fitch, Esq.
                           *Attorneys for Plaintiff*
                           233 Broadway, Suite 1800
                           New York, New York 10279
                           Phone: (212) 374-9115
                           Fax: (212) 406-2313

16

# EXHIBIT A



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2011 6900

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

May 2, 2013

Mr. Matthew Molaro
c/o Gerald Cohen, Esquire
Law Offices of Cohen & Fitch
The Woolworth Building
233 Broadway, Suite 1800
New York, NY  10279

Re:  EEOC Charge Against City of New York, New York City Police Dept.
     No. 520201300309

Dear Mr. Molaro:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and the Commission has determined that it will not
be able to investigate and conciliate that charge within 180 days of the
date the Commission assumed jurisdiction over the charge and the
Department has determined that it will not file any lawsuit(s) based
thereon within that time, and because you through your attorney have
specifically requested this Notice, you are hereby notified that you have
the right to institute a civil action against the above-named respondent
under:
     Title I of the Americans with Disabilities Act of 1990,
     42 U.S.C. 12111, et seq., and,
     Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be filed in
the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC
New York District Office, New York, NY.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is meritorious.

                                   Sincerely,

                              Thomas E. Perez
                         Assistant Attorney General
                             Civil Rights Division

                         by  *Karen J. Ferguson*

                             Karen L. Ferguson
                         Supervisory Civil Rights Analyst
                         Employment Litigation Section

cc: New York District Office, EEOC
    City of New York, New York City Police Dept.